UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KHIN PHOO NGON, No. 97102-007,

    Petitioner,

v.

WARDEN FCI-GREENVILLE,

    Respondent.

Case No. 25-cv-1386-JPG

## MEMORANDUM AND ORDER FOR SERVICE OF PROCESS

    This matter comes before the Court on petitioner Khin Phoo Ngon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and motion to expedite consideration of her petition (Doc. 2).  The petitioner is incarcerated at the Federal Prison Camp at Greenville, Illinois ("FPC-Greenville").  The respondent is the warden of the Federal Correctional Institute at Greenville, Illinois, which includes FPC-Greenville.  The petitioner is challenging the computation of her sentence, including whether the Bureau of Prisons ("BOP") has properly calculated time credits under the First Step Act of 2018.

    This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases.

    On July 17, 2024, Ngon was sentenced in the United States District Court for the Eastern District of Virginia to serve 26 months in prison on one count of health care fraud in violation of 18

U.S.C. § 1347.  *United States v. Ngon*, No. 1:24-cr-62 (E.D. Va.).  Several weeks later, on August 9, 2024, Ngon was sentenced in the Superior Court of the District of Columbia to serve 23 months for two counts of fraud, two counts of theft, and two counts of identity theft, all counts to run concurrently with each other "but consecutively with any other sentences outside of this case." *United States v. Ngon*, 2024 CF2 003404 (D.C. Super. Ct.).  Ngon is currently incarcerated at FPC-Greenville with a projected release date of October 9, 2027.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Aug. 13, 2025).

Ngon claims that the BOP has incorrectly calculated her release date because it refuses to award her First Step Act credits of 15 days per month.  She seeks credits from the First Step Act's new source for potential time credits an inmate may earn toward earlier release from her sentence of incarceration.  That new source of sentence credits was created by § 101(a) of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632).  It provides, in pertinent part, that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn 10 days of time credits for every 30 days of participation and possibly another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments.  18 U.S.C. § 3632(d)(4)(A).  The statute excludes from eligibility for such sentence credits a prisoner who is serving a sentence for certain convictions listed in the statute.  18 U.S.C. § 3632(d)(4)(D).

Ngon claims the BOP has aggregated her two sentences from two different courts into one 49-month sentence and has found her ineligible for First Step Act credits toward that sentence because the First Step Act does not apply to her D.C. conviction.  She further contends that under the D.C. Code, she is eligible for First Step Act credits for her D.C. Superior Court sentence, and she has no disqualifying conviction.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of

the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585. *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). Thus, the petitioner's claims are properly raised in this § 2241 petition. Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief. Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

The Court **DENIES** the petitioner's motion for an expedited ruling (Doc. 2) in light of the fact that it is already addressing her petition promptly and is confident any resolution will occur before the petition becomes moot.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **September 15, 2025**. This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of her continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action. This notification must be in writing no later than 14 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: August 14, 2025**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**