UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KHIN PHOO NGON, No. 97102-007, <br><br> Petitioner, <br><br> v. <br><br> WARDEN FCI-GREENVILLE, <br><br> Respondent. | Case No. 25-cv-1386-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Khin Phoo Ngon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). When she filed her petition, the petitioner was incarcerated at the Federal Prison Camp at Greenville, Illinois ("FPC-Greenville"), where the respondent is the warden. The petitioner is challenging the computation of her sentence, including whether the Bureau of Prisons ("BOP") has properly calculated time credits under the First Step Act of 2018 ("FSA"). The respondent has responded to Ngon's petition (Doc. 24). Ngon has not replied to that response.

**I.      Background**

On July 17, 2024, Ngon was sentenced in the United States District Court for the Eastern District of Virginia to serve 26 months in prison on one count of health care fraud in violation of 18 U.S.C. § 1347. *United States v. Ngon*, No. 1:24-cr-62 (E.D. Va.). She was then remanded to the custody of the United States Marshals Service ("USMS") for transportation to her sentencing in another case. Several weeks later, on August 9, 2024, Ngon was sentenced in the Superior Court of the District of Columbia to serve 23 months for two counts of fraud, two counts of theft, and two counts of identity theft, all counts to run concurrently with each other "but consecutively with any other sentences outside of this case." *United States v. Ngon*, 2024 CF2 003404 (D.C. Super. Ct.) ("D.C." case or conviction). The USMS then transported her to the Federal Prison Camp at

Alderson, West Virginia, where she arrived and was committed to BOP custody on October 18, 2024.  Pursuant to 18 U.S.C. § 3584(c), the BOP aggregated those sentences into a 49-month sentence.  Ngon currently has a projected release date of May 28, 2027.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Feb. 10, 2026).

The sentence credits Ngon seeks were created by § 101(a) of the FSA, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632).  That statute provides, in pertinent part, that the BOP must conduct a risk and needs assessment for each inmate and place the inmate in appropriate evidence-based recidivism reduction ("EBRR") programs or productive activities ("PAs").  *See* 18 U.S.C. §§ 3621(h) & 3632(a).  The risk and needs assessment tool the BOP uses is called PATTERN.  *See* BOP Program Statement 5410.01 ¶ 5.  A prisoner who successfully completes assigned EBRR programming or PAs shall earn 10 days of time credits ("Federal Time Credits" or "FTCs") for every 30 days of participation and possibly another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments.  18 U.S.C. § 3632(d)(4)(A).  The statute excludes from eligibility for such sentence credits a prisoner who is serving a sentence for certain convictions listed in the statute.  18 U.S.C. § 3632(d)(4)(D).

**II.     Discussion**

Ngon claims that the BOP has incorrectly calculated her release date because it refuses to award her FSA credits.  Ngon claims the BOP has improperly aggregated her two sentences from two different courts into one 49-month sentence and has found her ineligible for First Step Act credits toward that sentence because her D.C. conviction is an excluded offense.  She further contends that under the D.C. Code, she is eligible for First Step Act credits for her D.C. case, and she has no disqualifying conviction.  She also complains that she should have started accruing FSA credits beginning on the date she was first sentenced.  She has received conflicting information on whether she will receive those credits.

A.      Eligibility

The respondent concedes that Ngon is eligible for FTCs for her entire aggregate 49-month sentence and that the nature of her conviction does not disqualify her from earning FSA FTCs. Indeed, the BOP has found she is entitled to 150 days of FTCs as of October 14, 2025, the last date the BOP assessed her FSA FTCs, leading to a release date of June 27, 2027, as of October 14, 2025. It also projects that other quirks in the FSA FTC implementation process and assumptions about continuing FTC accrual may cause her "conditional release date" to be moved forward to December 14, 2026. The respondent has confirmed that Ngon is still serving her sentence of incarceration but is currently doing so at a residential reentry center, that is, a half-way house.

Ngon's claim that she is not receiving FSA FTCs is meritless, as are its component complaints about the aggregation of her sentence and disqualification from credits by her D.C. sentence. She has received at least 150 days of FSA FTC, which has moved her conditional release date to December 14, 2026. Further, the BOP has placed her in community confinement for all or part of the last year of her sentence of incarceration pursuant to the Second Chance Act, 18 U.S.C. § 3624(c)(1).

B.      Commencement of Earning FSA FTCs

Ngon's only complaint unresolved by the application of FSA FTCs is her contention that she should have begun earning them as of July 17, 2024, the date she was first sentenced and remanded to USMS custody, rather than October 18, 2024, the date she arrived at FPC-Alderson.

While it is true that she began serving her sentence on July 17, 2024, *see* 18 U.S.C. § 3585(a), she could not actually earn FSA FTCs until she was committed to BOP custody at her designated facility. By the FSA's very terms, FTCs can be awarded only *after* (1) the BOP has assessed the inmate's risk of recidivism and rehabilitation needs, (2) it has assigned her to EBRR programming or PAs, and (3) she has successfully completed that EBRR programming or PA, *see*

3

18 U.S.C. § 3632(d)(4)(A). None of that can occur until the inmate is committed to the BOP's custody at her designated BOP facility where the evaluation and assignment can begin. *See Jackson v. Wadas,* No. 2:25-CV-00151-JPH-MJD, 2025 WL 1676837, at *6 (S.D. Ind. June 13, 2025); *Freeman v. Lillard*, No. 3:24-cv-2227-GCS, 2025 WL 1358556, at *3 (S.D. Ill. May 9, 2025), *reconsid. denied*, 2026 WL 295143 (Feb. 4, 2026). This is consistent with federal regulations and BOP policy. *See* 28 C.F.R. § 523.42(a)[1] ("An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)."); BOP Program Statement 5401.01 § 6 ("Further, an inmate cannot earn FTC when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed. . . .").

    C.    <u>Community Correction Placement</u>

Finally, to the extent Ngon may be challenging the failure to transfer her to community corrections a full 365 days before her conditional release date, such a challenge is not cognizable in a § 2241 proceeding because it does not challenge the fact or duration of her confinement, *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).

A federal prisoner may bring a § 2241 petition to challenge the fact or duration of her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Walker,* 216 F.3d at 629. "If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary

---

[1] A District Court in New Hampshire has held that this rule cannot be applied because it is in conflict with 18 U.S.C. § 3585(a) regarding the commencement of a sentence. *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023). That court held that the inmate was eligible for FSA FTCs before arrival at his designated institution, but it did not address whether the FSA's requirements for earning FTCs were satisfied. *See also Patel v. Barron*, No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023).

4

confinement that is disciplinary segregation—then habeas corpus is his remedy." *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991). If, however, a petitioner is seeking only "a different program or location or environment," *id.*, or changes in security level or institution of confinement, she cannot bring her challenge in a § 2241 petition even if the environment she is challenging is more restrictive that what she seeks. *Bunn v. Conley,* 309 F.3d 1002, 1008 (7th Cir. 2002) (*habeas corpus* not available to seek "changes in levels of security within a prison, or changes from one prison to another"); *Graham*, 922 F.2d at 381 (change from prison factory to work release not subject to § 2241 relief); *Singleton v. Walton*, No. 14-CV-01430-DRH, 2015 WL 300421, at *3 (S.D. Ill. Jan. 22, 2015) (change from CMU to general population not subject to § 2241 relief). Those are in essence challenges to conditions of confinement. *See Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005) (declining to question *Graham*'s distinction between quantum change in custody level and conditions of confinement).

Ngon has pled nothing suggesting a change to community corrections is the kind of quantum change in conditions that would be cognizable under § 2241. Instead, it is a routine placement decision over which this Court has no jurisdiction. "After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" of placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in community or home confinement, 18 U.S.C. § 3624(c)(1) & (2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different

placement).

### III. Conclusion

For the foregoing reason, the Court finds Ngon has not shown that she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Court **DENIES** her § 2241 petition for a writ of habeas corpus and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally she must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, she must include in her motion a description of the issues she intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If she appeals and is allowed to proceed *in forma pauperis*, she will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on her prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of her § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED: February 11, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
